Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| BRITTANY CLINE, an Individual, DEBRA LOCKE, an Individual,<br><br>               Plaintiffs,<br><br>     v.<br><br>PEACEHEALTH, a corporation,<br><br>               Defendant. | Case No.<br><br>CONSOLIDATED COMPLAINT FOR DAMAGES<br>**(EMPLOYMENT DISCRIMINATION)**<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>**JURY TRIAL REQUESTED** |

COME NOW, Plaintiffs, through counsel, and file this Complaint for Damages against the above-named Defendant. Plaintiffs allege as follows:

### INTRODUCTION

This case centers around the Plaintiffs, former employees of health care entities owned by Defendant PeaceHealth, and the unlawful religious discrimination they suffered because of their inability to take the COVID-19 vaccine and the Defendant's refusal to offer reasonable accommodations for the same.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiffs are various former employees of the Defendant who worked at various facilities of the Defendant in the Eugene area. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon. Plaintiffs seek a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

2.

As described in greater detail below, each of the Plaintiffs worked in the health care field at one of the Defendant's facilities during the COVID-19 pandemic. Each were exceptional employees, and each maintained the strictest adherence to the safety standards employed by the Defendant during the pandemic to alleviate or eliminate the risk of infection, including the wearing of personal protective equipment (PPE), regular handwashing, social distancing, regular testing, and quarantining when necessary. Sometime in the summer of 2021, the Defendant imposed a vaccine mandate to its employees, but, consistent with law, permitted employees to apply for religious or medical exceptions to the vaccine.

3.

Each Plaintiff also held sincere and profound religious beliefs that prevented them from being able to take the available COVID-19 vaccines. Their individual stories are below.

4.

## BRITTANY CLINE

Plaintiff Brittany Cline was employed for approximately one year, as a Registered Nurse by PeaceHealth Medical Center Riverbend in Springfield, Oregon. Plaintiff received a Daisy

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Award, nominated by her patients for being a nurse that provided exemplary care.

5.

When the vaccine mandate was imposed, Plaintiff Cline's co-workers pressured her to get vaccinated and started making inappropriate comments about her choice not to get vaccinated, including calling her "dumb" and "stupid". Her religious beliefs were not recognized or respected. Plaintiff Cline went from enjoying her job and co-workers to feeling alone and intimidated.

6.

Plaintiff Cline applied for a religious exception due to her strongly held Christian beliefs and it was granted. However, she was not accommodated by the Defendant. Instead, she was placed on indefinite unpaid administrative leave on September 1, 2021. As a consequence of her unpaid leave, Plaintiff Cline could no longer afford her rent, and was forced to move back with her parents and live in a travel trailer. She was worried and concerned that she would not be able to afford her car payment, and she had to borrow money to pay her bills.

7.

Plaintiff Cline has been traumatized by this experience, causing her stress, anxiety, and depression. Although Plaintiff Cline was eventually able to obtain new employment, where her religious beliefs were respected and accommodated, she had serious thoughts of giving up her career as a nurse due to her treatment by Defendant. Plaintiff's new employment involves a much longer commute and she had to work night shift, instead of the day shift that she worked with Defendant.

8.

Plaintiff Cline is awaiting a right to sue letter from the EEOC and received a right to sue letter from BOLI on October 2, 2023.  Plaintiff Cline suffered economic damages of at least $25,000 in lost wages, and non-economic damages of at least $50,000, or an amount to be determined at trial.

9.

## **DEBRA LOCKE**

Plaintiff Debra Locke worked for approximately one year as a Sterile Processing Technician for PeaceHealth Medical Center Riverbend. She did not work around patients and wore PPE as required.

10.

When the COVID-19 mandate was imposed, Plaintiff Locke applied for a religious exception to the COVID-19 vaccine, due to her strongly held Christian beliefs. Plaintiff Locke is opposed to abortion, and her religious beliefs and conscience would not allow her to take a vaccine that had been manufactured or tested using aborted fetal cells. Plaintiff Locke's coworkers subjected her to rude comments about her vaccination status, causing her to feel belittled. Plaintiff Locke's exception was eventually accepted but instead of providing accommodation, Defendant placed Plaintiff Locke on indefinite unpaid administrative leave.

11.

As a result of her placement on unpaid leave, Plaintiff Locke was forced to return to her prior employment outside of her chosen career in health care.  Plaintiff Locke no longer has retirement or dental benefits and makes approximately $7 hourly less than she did working for Defendant.

12.

Plaintiff Locke has suffered emotional distress and anxiety as a consequence of the Defendant's unlawful actions. Plaintiff Locke is awaiting a right to sue letter from the EEOC and received a right to sue letter from BOLI on October 2, 2023. Plaintiff Locke suffered economic damages of at least $30,000.00 in wage loss, lost benefits, and retirement contributions, and non-economic damages of at least $50,000.00, or an amount to be determined at trial.

13.

Until the COVID-19 pandemic unfolded, none of the Plaintiffs' sincerely held religious beliefs had caused conflict with their work requirements.

14.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, that Plaintiffs suddenly created an unacceptable health and safety risk necessitating them being placed on unpaid administrative leave and effective termination.

15.

The Defendant's adverse employment actions against Plaintiffs were not, as it has claimed, to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory and retaliatory. Each of the Plaintiffs should have been given reasonable accommodations to continue working for Defendant.

16.

Each of the Plaintiffs have suffered significant economic loss and emotional distress.

17.
**FIRST CLAIM FOR RELIEF – All Plaintiffs**
**(Unlawful Employment Discrimination Based on Religion**
**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

18.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious belief in the tenants of Christianity.

19.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

20.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

When Plaintiffs requested exceptions to the COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize or accommodate Plaintiffs' religious beliefs.

21.

Instead of finding reasonable accommodation or set of accommodations for their religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful effective terminations. The unlawful discrimination against Plaintiffs' religion by Defendant as outlined above was a proximate cause of Plaintiffs' individual wrongful terminations.

22.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiffs have been damaged in an amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages and attorney's fees.

23.

### SECOND CLAIM FOR RELIEF- All Plaintiffs
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**
**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

24.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious belief in the tenants of Christianity.

25.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

26.

When Plaintiffs requested religious exceptions to the Defendant's COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize and accommodate

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Plaintiffs' religious beliefs.

27.

Instead of finding reasonable accommodation or set of accommodations for their religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful effective terminations. The unlawful discrimination against Plaintiffs' religious beliefs by Defendant as outlined above was a proximate cause of Plaintiffs' wrongful terminations.

28.

As a result of Defendant's unlawful discrimination, Plaintiffs have been damaged in an amount to be determined at trial, but that exceeds $200,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demands judgment against Defendant and seek the following relief:

1. A judgment in favor of Plaintiffs and against Defendant on both claims in an amount to be determined at trial but exceeding $200,000.00.

2. Plaintiffs seek a trial by Jury on all claims to which Plaintiffs are entitled to a jury trial.

3. Plaintiffs' reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 29th day of December, 2023.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiffs